FILED & JUDGMENT ENTERED
David E. Weich

Jan 24 2007

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

In Re:                                    )    Case No.  06-31959
                                          )         Chapter 13
**TERESA MARIE BORTZER,**                 )
                                          )
          Debtor(s).                      )
_____)

### ***ORDER SUSTAINING OBJECTION TO CONFIRMATION***

This matter is before the court on secured creditor GMAC's Objection to Confirmation of the debtor's proposed Chapter 13 Plan.  Debtor's Plan proposed to modify the contract with GMAC, but to pay GMAC's secured claim at the contract rate of interest, 0%.  The court is persuaded by the arguments of GMAC's counsel and cases from the Middle and Eastern Districts of North Carolina, that the interest rate paid on GMAC's secured claim must be the "Till" rate.

The court adopts the reasons of the following cases from the other North Carolina Bankruptcy courts:  The consolidated cases of *In re Phillips*, Case No. 06-1046-4-ATS, *In re Smothers*, Case No. 06-00122-5-ATS, and *In re Beaver*, Case No. 05-06123-5-ATS (Slip. Op. E.D.N.C. Oct. 13, 2006), the court specifically found that the "prime plus" formula adopted in the *Till* case was the appropriate interest rate to be applied to *all* secured claims covered by § 1325(a)(5)(B)(ii) where "present value" was

required, irrespective of whether the contract rate of interest was lower than the applicable *Till* rate and irrespective of whether such claims were for the full balance owed to the lender on the obligation in question or only for the value of the underlying collateral after application of § 506(a); *In re Brooks*, Case No, 05-10644-8-JRL, (Slip. Op. M.D.N.C. June 9, 2006), in which the court reiterated that district's prior adoption of the "prime plus a risk factor" formula rate of interest set forth in *Till* as the appropriate means of calculating interest on secured claims for purposes of determining a proposed Chapter 13 plan's confirmability under § 1325(a)(5)(B)(ii) and found nothing in BAPCPA to abrogate the holding of *Till* with respect thereto; and, in *In re Shaw*, 341 B.R. 543 (Bankr. M.D.N.C. 2006), requiring that the *Till* rate be paid on all allowed secured claims that are to be modified in a Chapter 13 Plan, whether in amount, monthly payment and/or loan termination date.

It is therefore **ORDERED** that GMAC's Objection to Confirmation is sustained; and the debtor's Chapter 13 Plan may be confirmed upon provision for GMAC's secured claim at the "Till" interest rate.

**This Order has been signed electronically.**          **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**